546 So.2d 717 (1989)
UNITED TELEPHONE LONG DISTANCE, INC., and United Telephone Company of Florida, Appellants,
v.
Katie NICHOLS, etc., et al., Appellees.
No. 72988.
Supreme Court of Florida.
July 6, 1989.
*718 Julian Clarkson and Michael L. Rosen of Holland & Knight, Tallahassee, and Jerry M. Johns, Altamonte Springs, for appellants.
Susan F. Clark, Gen. Counsel, Florida Public Service Com'n, Tallahassee, for appellees.
Jack Shreve, Public Counsel, and Charles J. Rehwinkel, Associate Public Counsel, Tallahassee, for Citizens of the State of Florida.
OVERTON, Justice.
This cause is before us on appeal from a Public Service Commission ("PSC" or "Commission") order granting the application of United Telephone Long Distance, Inc., for a Certificate of Public Convenience and Necessity to provide long distance telephone service as an interexchange carrier. The Public Service Commission's order required United Telephone Long Distance, Inc., to compensate its parent corporation, United Telephone Company of Florida, for use of its good will and intangible benefits. Both the long distance carrier and its parent challenge the latter compensation requirement. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and affirm.
The pertinent facts are as follows. United Telephone Long Distance, Inc. (UTLD), is a wholly owned subsidiary of United Telephone Company of Florida (UTF), a local exchange telephone company certificated and regulated by the Public Service Commission (PSC) to provide telecommunication services to all or parts of twenty-four Florida counties. United Telephone of Florida is a subsidiary of United Telecommunications, Inc. (UTI), and another subsidiary of UTI is a fifty percent owner of U.S. Sprint, a national long distance company. These corporate interrelationships raised some unique concerns, the principal one being UTLD's close affiliation, as a wholly owned subsidiary of UTF, with a major local exchange company. The PSC ordered a public hearing because of certain concerns with cost allocation which that relationship presented. As a result, a number of long distance exchange companies, as well as public counsel, intervened to oppose UTLD's application. The Public *719 Service Commission considered numerous issues, but the only issue now before this Court was framed in the following manner:
Should UTLD compensate UTF and its ratepayers for services and tangible and intangible benefits (including, but not limited to, use of UTF's name, logo, good will, information, personnel, facilities and financial resources), if any, UTLD receives from its association with UTF and its ratepayers?
This issue was first raised by public counsel, who was joined by PSC staff and several intervenors who suggested that the failure to compensate for these intangible benefits would give UTLD an unfair competitive advantage and deprive UTF's ratepayers of compensation for a benefit provided. They further asserted that UTF's name, logo, reputation, and heritage "was generated" to a large extent by ratepayers' funds and that UTF and its ratepayers should be compensated for their use. Two other major intangibles besides good will were the ready availability of financing and trained personnel on call from UTF.
UTLD and UTF took the position that it was proper for UTLD to compensate UTF for tangible benefits but no compensation was justified for intangible benefits. The appellants argued that UTF's local ratepayers would be fully compensated by the payment of a premium excess charge and fees for services provided to UTLD under contractual arrangements plus the assigned portion of common cost assets and services shared by the two companies through PSC approved allocations. Appellants adamantly opposed any compensation for use of the United Telephone name, logo, and good will, as well as the intangible benefit provided by the availability of financing and trained personnel. UTF suggested that its good will and reputation and the availability of personnel and financing were acquired from expenditures borne by its stockholders and not furnished by the ratepayers.
The Commission, while accepting the principle advocated by public counsel of requiring compensation for intangibles, reduced the suggested amount of the required compensation, stating:
We find it is in the public interest to require UTLD to compensate UTF for the many intangible benefits it receives, including, but not limited to the following: the use of the United name; the use of the United logo; reliance on the United reputation; immediate access to financing; and the ability to capitalize, through contractual arrangements, on a trained, skilled workforce.
UTLD's relationship to UTF avoids all the start-up costs a fledgling competitor faces when it enters the long distance market. UTF is essentially a one-stop-shopping center for all of UTLD's technical, personnel, administrative, informational and financial needs. We find it unfair to allow UTLD to rely on these benefits without compensating UTF.
Accordingly, the compensatory fee reflects our belief that these benefits were established and are being maintained by the monopoly company, UTF, at ratepayers' expense. The actual fee to be collected shall equal 2.8% of the difference between net revenues (gross revenues minus uncollectibles) and originating and terminating access charges. However, in no event shall the fee exceed, on an after tax basis, 17.5% of UTLD's net operating income to be computed without the fee... .
Finally, we recognize that in the future additional services will be provided by the unregulated entity. The result will be a vast pool of resources developed and maintained at the expense of the monopoly's ratepayers but used increasingly by unregulated operations. Therefore, by our action in this docket, we announce our intention to require payments to regulated utilities for intangible benefits provided to nonregulated affiliates.
In this appeal, appellants argue that the imposition of the royalty requirement is (1) not supported by competent, substantial evidence; (2) unauthorized by statute; and (3) constitutionally impermissible because it is confiscatory and violative of due process and equal protection.
*720 With regard to the first point, we find substantial competent evidence was provided by expert testimony and appellants' argument is without merit. As to the authority of the Commission, we find the condition on this certificate is in the public interest and authorized by section 364.35, Florida Statutes (1979). We note the appellants acknowledged that UTLD should compensate UTF for tangible benefits but took issue on the intangible benefits. The dispute, in our view, is a matter of degree  not a matter of authority.
Lastly, we find the order is neither confiscatory, nor violative of the due process or equal protection clauses of the state and federal constitutions. In effect, the Commission found that substantial resources developed by local telephone exchange ratepayers should not be utilized without compensation by the long distance service. In making this decision, the Commission attempted to balance two competing public interest considerations. The first was whether the public interest required a denial of UTLD's long distance application for the protection of UTF's monopoly customers and UTLD's market competitors from potential abuses arising through inappropriate allocation of costs or discrimination. The second was whether UTLD's application would be in the public interest and provide UTF's local customers with the opportunity for one-stop shopping for telephone service needs and the chance to have local rates positively affected by cost and revenue sharing with UTLD. After hearing substantial competing expert testimony, the PSC resolved this dilemma by granting the application but making it conditional on paying for intangible benefits. We find its decision is consistent with its statutory authority and in accordance with the principles we have previously approved in AT & T Communications v. Marks, 515 So.2d 741 (Fla. 1987); U.S. Sprint Communications Co. v. Marks, 509 So.2d 1107 (Fla. 1987); and Microtel, Inc. v. Florida Public Service Commission, 483 So.2d 415 (Fla. 1986).
Accordingly, the order of the Commission is affirmed.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.